1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                           **DISTRICT OF NEVADA**
8
9    AFEWORKI H. GHIRMAI,                    )
10                    Petitioner,            )        3:05-cv-00245-LRH-RAM
                                             )
11   vs.                                     )
                                             )        **ORDER**
12   LENARD VARE, *et al.*,                  )
                                             )
13                    Respondents.           )
                                             )
14   _____       )

15   **I. Introduction**

16          This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254, by

17   Afeworki H. Ghirmai, a Nevada prisoner.  The action comes before the court with respect to its

18   merits.  The court will deny the petition.

19   **II. Facts and Procedural Background**

20          The state filed a criminal complaint against petitioner, charging him with two counts of

21   sexual assault and one count of battery with the intent to commit a crime.  Exhibit 19.[1]  Petitioner

22   waived the preliminary hearing and entered into a plea agreement with the state in which he was to

23   enter *Alford* pleas to two counts of attempted sexual assault.  Exhibits 3-5.  On December 9, 2002,

24   the trial court canvassed petitioner with respect to the plea.  Exhibit 7.  The court found petitioner's

25   pleas to be freely and voluntarily given.  *Id.* at 7.

26          Prior to sentencing defense counsel filed a motion to withdraw plea on behalf of the

27   _____

28          [1]The exhibits cited in this order in the form "Exhibit ___," are those filed by respondents and are located in the record at docket #14.

petitioner, alleging petitioner wished to withdraw his plea as he thought he would be receiving

probation. Exhibit 8. Moreover, the motion stated that petitioner asserted that he did not understand

the plea agreement or its consequences because he did not have an interpreter. *Id.* At the motion to

withdraw plea hearing defense counsel told the court that she was unaware petitioner had problems

understanding the proceedings, as she had satisfactorily communicated with the petitioner. Exhibit

9. The trial court noted that during the plea colloquy petitioner had told him that he could speak,

read and write English and had indicated he understood the proceedings. *Id.* Defense counsel also

informed the court that she did not promise petitioner a sentence of probation. *Id.* The trial court

denied the motion to withdraw. Exhibits 9 and 10.

The trial court sentenced petitioner on June 30, 2003, to a minimum term of 30 months in

prison and a maximum term of 100 months in prison for both counts, with the sentences to run

concurrently. Exhibit 10. A judgment of conviction was filed on October 6, 2003. Exhibit 12.

Petitioner did not appeal his conviction.   Petitioner filed a state habeas corpus petition on January

15, 2004. Exhibit 16. The trial court denied the petition without holding an evidentiary hearing.

Exhibit 19. The Nevada Supreme Court affirmed the lower court's order on appeal. Exhibit 20.

Remittitur issued on December 21, 2004. Exhibit 21.

Petitioner mailed the instant federal habeas corpus petition on April 21, 2005 (docket #4).

Respondents have answered the petition (docket #8).

**III. Federal Habeas Corpus Standards**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), provides the legal standard

for the Court's consideration of this habeas petition:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

1    28 U.S.C. §2254(d).

2         The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications

3    in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect

4    to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).   A state court decision is

5    contrary to clearly established Supreme Court precedent, within the meaning of 28 U.S.C. § 2254,

6    "'if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's]

7    cases'" or "'if the state court confronts a set of facts that are materially indistinguishable from a

8    decision of [the Supreme Court] and nevertheless arrives at a result different from [the Supreme

9    Court's] precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Williams v. Taylor*, 529

10   U.S. 362, 405-06 (2000), and citing *Bell*, 535 U.S. at 694).

11        A state court decision is an unreasonable application of clearly established Supreme Court

12   precedent "'if the state court identifies the correct governing legal principle from [the Supreme

13   Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.'"

14   *Lockyer*, 538 U.S. at 75 (quoting *Williams*, 529 U.S. at 413).   The unreasonable application clause

15   "requires the state court decision to be more than incorrect or erroneous"; the state court's

16   application of clearly established law must be objectively unreasonable. *Id*. (quoting *Williams*, 529

17   U.S. at 409).  *See also Ramirez v. Castro*, 365 F.3d 755 (9th Cir. 2004).

18        In determining whether a state court decision is contrary to, or an unreasonable application

19   of, federal law, this Court looks to a state court's last reasoned decision.  *See Ylst v. Nunnemaker*,

20   501 U.S. 797, 803-04 (1991); *Plumlee v. Masto*, 512 F.3d 1204, 1209-10 (9th Cir. 2008) (en banc).

21   When a state court has not "explained its reasoning on a particular claim" the federal court conducts

22   "an independent review of the record to determine whether the court's decision was objectively

23   unreasonable." *Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1127 (9th Cir. 2006)

24   (citing *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004)).

25        Moreover, "a determination of a factual issue made by a State court shall be presumed to be

26   correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by

27   clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

28   ///

                                        3

**IV. Discussion**

Petitioner argues that trial counsel was ineffective and therefore he should be allowed to withdraw his plea. Specifically petitioner contends that trial counsel failed to obtain an interpreter, failed to investigate or develop a defense, did not allow the petitioner to read the plea agreement, promised petitioner a sentence of probation, and failed to adequately argue on his behalf at the motion to withdraw plea hearing.

To satisfy the United States Constitution, a guilty plea must be voluntary and intelligent. *See*, *e.g.*, *Hill v. Lockhart*, 474 U.S. 52 (1985); *Boykin v. Alabama*, 395 U.S. 238 (1969). If a petitioner challenges a guilty plea, a court must determine "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970).

Furthermore, in order to prove ineffective assistance of counsel, petitioner must show (1) that counsel acted deficiently, in that his attorney made errors so serious that his actions were outside the scope of professionally competent assistance and (2) the deficient performance prejudiced the outcome of the proceeding. *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984). In the case of a guilty plea a petitioner must demonstrate that "but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). "Claims of ineffective assistance of appellate counsel are reviewed according to the standard announced in *Strickland*." *Turner v. Calderon*, 281 F.3d 851, 872 (9th Cir. 2002).

Petitioner's claims are belied by the record. The plea agreement stated that petitioner was to receive a minimum sentence of two years in prison with a maximum of twenty years in prison unless the psychologist found probation was appropriate. At the plea hearing petitioner told the district court that he was educated in Ethiopia and had been living in the United States for twenty years. Exhibit 7 at 3. The trial court noted that petitioner spoke English. *Id.* Petitioner also indicated that he could read and write English. *Id.* Petitioner then told the trial court that he had read the plea agreement and understood the provisions contained within the agreement. *Id.* at 4. Petitioner had no further questions. *Id.* at 5. Petitioner told the trial court that he was entering into the plea agreement as it was in his best interests and he wanted to avoid going to trial. *Id.* at 6. The trial court stated that

4

1   the plea was freely and voluntarily made. *Id.*

2          At the motion to withdraw plea hearing defense counsel told the court that she did not have

3   any trouble communicating with the petitioner and did not believe that an interpreter was necessary.

4   Exhibit 8 at 2.  The district court noted that at the plea hearing petitioner spoke in English and told

5   the court that he could read and write English. *Id.* at 3-4.  Moreover, the court stated that the

6   Petitioner had told him he understood the plea agreement and wanted to enter into the agreement to

7   avoid going to trial. *Id.*  Defense counsel told the trial court that she did not promise the petitioner a

8   sentence of probation. *Id.*   The trial court found there was no legal reason to allow the petitioner to

9   withdraw his plea, and denied the motion. *Id.* at 7.

10          The Nevada Supreme Court affirmed the lower court's denial of the state habeas petition,

11   noting first that the plea hearing record indicated that petitioner read, wrote and spoke English.

12   Exhibit 20 at 4.  Moreover, the court stated that petitioner told the district court that he had  read the

13   agreement. *Id.*  The court further stated that the plea agreement properly advised petitioner of the

14   penalties he faced upon entry of the pleas. *Id.* at 5.  The court also stated that petitioner did not

15   demonstrate what information trial counsel should have investigated or what defenses counsel could

16   have raised. *Id.* at 4.  Finally, the court noted that petitioner failed to allege what arguments counsel

17   should have argued on his behalf at the motion to withdraw plea hearing. *Id.* at 6.

18          The Nevada Supreme Court's order was not an objectively unreasonable application of

19   federal law, as petitioner did not show any deficiency on the part of counsel pursuant to *Strickland* or

20   *Hill*.  Petitioner's claims will be denied.

21          **V.  Certificate of Appealability**

22          In order to proceed with an appeal from this court, petitioner must receive a certificate of

23   appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of

24   the denial of a constitutional right" to warrant a certificate of appealability. *Id.*  The Supreme Court

25   has held that a petitioner "must demonstrate that reasonable jurists would find the district court's

26   assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484

27   (2000).

28          The Supreme Court further illuminated the standard for issuance of a certificate of

appealability in *Miller-El v. Cockrell*, 537 U.S. 322 (2003).  The Court stated in that case:

> We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus.  Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack*, "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."

*Id.* at 1040 (quoting *Slack*, 529 U.S. at 484).

The court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appeal, and the court determines that none meet that standard.  The court will deny petitioner a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus (docket #4) is **DENIED**.

**IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT ACCORDINGLY.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY**.

Dated this 14th day of May, 2008.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE